UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE<br>INSURANCE COMPANY | § § § | PLAINTIFF |
| VS. | § § | CAUSE NO. 1:09cv317-LG-RHW |
| THOMAS HAYES, d/b/a CHEYENNE<br>CONSTRUCTION, and RHONDA<br>DERENBECKER | § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DERENBECKER'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT are Plaintiff Nationwide Mutual Fire Insurance Company's Motion for Summary Judgment [13] and Defendant Rhonda Derenbecker's Cross-Motion for Summary Judgment [21]. Nationwide brought this declaratory judgment action to determine whether it owes Defendant Thomas Hayes, d/b/a Cheyenne Construction indemnity and a defense in a lawsuit action brought by Derenbecker. The parties dispute whether (1) negligent construction is an occurrence, (2) breach of contract is covered, (3) there was property damage, and whether (3) the k(6) and (4) fungi exclusions preclude coverage. The Court has considered the parties' submissions and the relevant legal authority. Nationwide has a duty to indemnify and defend Hayes in the State court action.

**FACTS AND PROCEDURAL HISTORY**

Derenbecker hired Hayes to rebuild her home after Hurricane Katrina. A dispute subsequently arose, and she brought breach of contract, conversion, and negligence claims against him in Hancock County Circuit Court. She alleges that he quit the job when he did not

receive advances to which he was not entitled.  He removed construction materials for which she had already paid him.  The State court Complaint reads further that there were "numerous construction defects resulting from poor workmanship by him and/or violations of the International Building Codes of 2006, the Bay St. Louis Building Codes, and unauthorized deviations from the blue prints of [sic] which were required as per the contract documents."  (State Ct. Compl. at 3 (¶VI)).  In other words, some of these defects are alleged to have resulted from negligence and some from breach of contract.  She claims "as a result of [his] wrongful actions . . . the home . . . will have to be totally torn down.  As a result thereof [he] has damaged [her] in the amount of $300,000." *Id.* at 4 (¶VIII).

Nationwide is Hayes's commercial insurer.  He notified Nationwide of Derenbecker's lawsuit and asked that Nationwide defend and indemnify him.  It denied that the policy covered her claims.  Nationwide therefore brought this declaratory judgment action asking the Court to resolve its duties under the policy.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  To make this determination, the Court must view the evidence in the light most favorable to the non-moving party.  *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  A "material fact" is one that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is such that a reasonable jury

could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

<u>DUTY TO INSURE</u>

Nationwide has two distinct obligations to its insured–(1) a duty to indemnify its insured for covered claims and (2) a duty to furnish a legal defense to certain claims. *Mimmitt v. Allstate County Mut. Ins. Co.*, 928 So. 2d 203, 207 (¶ 24) (Miss. Ct. App. 2006). Hayes's insurance policy provides Nationwide "will pay those sums that [Hayes] becomes legally obligated to pay as damages because of . . . 'property damage' . . . to which this insurance applies. [Nationwide] will have the . . . duty to defend any 'suit' seeking those damages." (Pl.'s Mot. Summ. J. Ex. C at 9). "This insurance applies: (1) to . . . 'property damage' only if: (a) The . . . 'property damage' is caused by an 'occurrence'. . . ." *Id.* "'Occurrence' means an accident." *Id.* at 20. "Property Damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. . .; or

    b.    Loss of use of tangible property that is not physically injured.

*Id.*

    I.    OCCURRENCE

On November 18, 2009, Nationwide filed its motion for summary judgment and argued, "In this case, the allegations made by Derenbecker was that Hayes negligently constructed the

3

home in question. Clearly under [the Fifth Circuit] line of cases, this does not constitute an occurrence, therefore, it is not covered under the policy." (Pl.'s Mot. Summ. J. at 4). The parties concede that on February 11, 2010, the Mississippi Supreme Court rejected the Fifth Circuit's *Erie* guess on this point and held that negligent construction is an "occurrence" under Mississippi law. *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1161 (¶28) (Miss. 2010). Derenbecker then filed her motion based on this recent ruling. Nationwide now argues there is no occurrence under the policy because there is no negligent construction claim. First, Nationwide admitted that there was. Second, a plain reading of the State court Complaint reveals that negligent construction is one of the claims being pursued.

## II. LEGALLY OBLIGATED TO PAY AS DAMAGES

Nationwide next argues that the breach of contract claim is not covered because it is not something for which Hayes can be "legally obligated to pay as damages." The policy states that Nationwide "will pay those sums that [he] becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' or 'personal or advertising injury' to which this insurance applies." (Pl.'s Mot. Summ. J. Ex. C at 9). Nothing in this phrase limits the legal obligation for damages to any particular cause of action or claim. One who has a judgment rendered against them for contractual damages is just as "legally obligated to pay" as one who has a judgment rendered against him for tort damages. There can be no serious contention that, if Hayes has a breach of contract judgment rendered against him by the State court, he would not be legally obligated to pay that judgment.

Nationwide nevertheless points to a Ninth Circuit case interpreting California law to confine the phrase "legally obligated to pay as damages" to tort claims only. *Chamberlin v.*

4

*Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991). That *Erie* guess on California law has since been rejected by the California Supreme Court and the rejection was subsequently acknowledged by the Ninth Circuit. *Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co.*, No. 98-15223, 2000 U.S. App. LEXIS 3010 (May 3, 2000); *Vandenburg v. Superior Ct. of Sacramento County*, 982 P.2d 229, 233 (Cal. 1999).

At issue here, of course, is Mississippi law. Mississippi law gives "the policy language its plain and ordinary meaning." *Am. Guar. & Liab. Ins. Co. v. 1906 Co.*, 273 F.3d 605, 611 (5th Cir. 2001). The language is construed through its "correct English definition and language usage" in a manner which "makes sense to an intelligent layman familiar only with the basics of English language." *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352 (Miss. 1990). Where there is an ambiguity, the interpretation is resolved in favor of coverage. *Am. Guarantee*, 273 F.3d at 611. The language Nationwide references, reads that it will pay whatever sums Hayes is legally obligated to pay as damages. This is without regard to the cause of action or source of that legal obligation.

### III. PROPERTY DAMAGE

Nationwide next argues that breach of contract is not covered because it is not property damage.

Property damage is basically defined as physical damage to tangible property and as loss of use of tangible property, whether physically damaged or not . The State court Complaint alleges, among other things, loss of use of the property resulting from the breach of contract. Specifically, it claims that as a result of the breach of contract, "the home . . . will have to be totally torn down." (State Ct. Compl. at 4 (¶VIII)). The State court Complaint further alleges

5

that one of the breaches resulted in "substantial water damage . . . to the structure constructed by [Hayes] causing mold to grow in the home to the extent that [Derenbecker] was forced to abandon the structure in December of 2007." *Id.* at 3 (¶VII). Thus the breach of contract is alleged to have caused both physical damage to tangible property and loss of use. Further, Derenbecker avers that one of the construction defects caused:

> . . . rain . . . to intrude into the rear of the house. As best as I can describe it, it was 'raining' in my house.
> . . .
> . . . Moisture, mold and insects were found in the side and rear walls due to the lack of seal which had allowed moisture and insects to come through the outer wall. However, due to the extensive inundation of water, my house had already sustained significant, if not complete damage by the time the mold began to grow.

(Derenbecker Aff. at 1 (¶¶6, 8)). Nationwide has not shown that it is entitled to summary judgment with regard to the State court breach of contract claim.

### IV. K(6) EXCLUSION

In the alternative, Nationwide argues that the claims are excluded under the B(1)(k)(6) provision of the policy. Derenbecker argues that this exclusion does not apply because the damages for which she is suing did not occur until after she took occupancy of the house.

Following the Section A Coverages portion of the policy is Section B, entitled "Exclusions." (Pl.'s Mot. Summ. J. Ex. C at 10). One of the exclusions "Applicable to Business Liability Coverage" reads:

> This insurance does not apply to:
> . . .
> k.    "Property damage" to:
>  . . .

6

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

*Id.* at 10-13.

"Your work" means:

a. Work or operations performed by you or on your behalf

. . .

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

*Id.* at 21. In other words this exclusion applies to any work on the home performed by Hayes that damaged that particular part of the home, unless it is a products-completed hazard. "'Products-Completed Operations Hazard' includes all . . . 'property damage' arising out of . . . 'your work' except . . . (2) Work that has not yet been completed or abandoned." *Id.* at 20.

Derenbecker alleges that Hayes abandoned the work (making it complete under the policy). Therefore, the property damage of which she complains is not excluded by the k(6) exclusion.

### V.   MOLD EXCLUSION

Finally, the parties dispute whether the mold exclusion applies to Derenbecker's claims.

This exclusion reads:

Fungi or Bacteria

> (1) . . . "property damage" . . . which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria . . . within a building or structure . . . regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> (2) Any loss, costs or expenses arising out of the . . . removing . . . or in any way responding to . . . "fungi" or bacteria. . . .

*Id.* at 22. "Fungi" includes "mold." *Id.*

Nationwide argues that mold is the only reason that the home will have to be torn down so this exclusion applies. Derenbecker argues that the home was damaged before the mold occurred. First, the State court Complaint alleges non-mold damages as well. For example, numerous code violations are alleged. It is undisputed that she claims violations such as missing stair railings and incorrectly placed electrical outlets which did not contribute to mold in any way. Second, the only evidence before the Court is "due to the extensive inundation of water, my house had already sustained significant, if not complete damage by the time the mold began to grow." (Derenbecker Aff. at 1 (¶8)). If the jury in the state court action ultimately finds Hayes liable for her damages and finds that some or all of these damages were not solely caused by mold, then those damages are covered, and Nationwide must indemnify him for this claim. *See Essex Ins. Co. v. Greenville Convalescent Home, Inc.*, 236 Fed. Appx. 49, 52 (5th Cir. 2007) (vacating indemnity decision pending state court resolution of liability).

DUTY TO DEFEND

"Ultimate liability by the insurer is not dispositive of its duty to defend." *Merchs. Co. v. Am. Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss. 1992). "The duty to defend is broader

8

than the insurer's duty to indemnify . . . the insurer has a duty to defend when there is any basis for potential liability under the policy." *Rogers v. Allstate Ins.* Co., 938 So. 2d 871, 875 (¶15) (Miss. Ct. App. 2006). The duty to defend is determined from the allegations in the Complaint, as well as any extrinsic evidence of which Nationwide becomes aware. *Id.* If these arguably bring the claim within the coverage of the insurance policy, the duty to defend is triggered. *Am. Guarantee*, 273 F.3d at 610. On the other hand, if it is clear that the claims are not covered by the policy, then there is no duty to defend. *Id.* at 610-11.

For the reasons discussed above, the claims are arguably within the coverage of the policy. Therefore, Nationwide has a duty to defend Hayes against them.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff Nationwide Mutual Fire Insurance Company's Motion for Summary Judgment [13] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Rhonda Derenbecker's Cross-Motion for Summary Judgment [21] should be and is hereby **GRANTED.** A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE